IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL T. NEAL,
    Plaintiff,

vs.                                            Case No: 3:06cv4/MCR/EMT

JAMES SHEPPARD, et al.,
    Defendants.
_____/

## ORDER

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 5). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under § 1983 as to one or all of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

       Plaintiff names three Defendants in this action, all of whom are medical personnel at the Walton Correctional Institution (WCI): Dr. James Sheppard, PA Chowuery, and Nurse Hogan (Doc. 1 at 1, 2). Plaintiff alleges that he was denied proper medical treatment after being beaten by correctional officers on July 9, 2005 (*id*. at 8). He states that he suffers from a number of eye problems, including glaucoma and retinal damage, although he indicates "[g]lacoma [sic] treatment continued throughout" (*id*.). Plaintiff alleges he was given improper medication, resulting in further blindness, and that one type of eye drops was taken away from him (*id*.). Despite reporting that the drops were not working and a number of other symptoms (including, *inter alia*, swelling, blood in his eye, ringing in his ears, pain, and loss of vision), Plaintiff was only given ibuprofen and no one would examine him (*id*.). At the time Plaintiff filed his complaint, he was scheduled for "emergency laser surgery" and had experienced permanent damage (*id*.).

Plaintiff claims he was subjected to cruel and unusual punishment because Defendants were deliberately indifferent to his pre-existing medical condition and injuries sustained while in WCI (*id.* at 9). As relief, Plaintiff seeks compensatory damages for pain and suffering, physical disability, future medical costs, loss of quality of life, and future income (*id.*). He also seeks punitive damages, as well as injunctive relief in the form of a transfer, quality medical care, sanctions against the medical staff, and an examination of the quality of care at WCI (*id.*).

Initially, Plaintiff must clarify his claims against the named Defendants as he mentions none of them by name in his factual allegations. Plaintiff should provide all of the information available to him regarding the Defendants involved in each of his allegations. For example, the court notes that Defendant Chowuery is mentioned more specifically in the grievances attached to the instant complaint (*see* Doc. 1, Ex. A). However, Plaintiff is advised that any fact he wishes the court to consider must be contained in the Statement of Facts section of the amended complaint. Plaintiff should not refer the court to any earlier complaint, nor to any attachments (except to demonstrate exhaustion of his claims).

Regarding the substance of his claims, Plaintiff has failed to state a constitutional claim for denial of medical treatment. Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment. *Id.*

Stating an Eighth Amendment claim for inadequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991)). Second, the

prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.*

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see also* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm"). In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need"). Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).[1] A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No: 3:06cv4/MCR/EMT

where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Thigpen, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (internal quotation omitted).

In the instant case, Plaintiff's claims of inadequate medical care are vague and conclusory. First, although Plaintiff claims "no one would examine [him]," he alleges facts suggesting that he was indeed receiving medical care: he was given medications, although he alleges one was "improper" and another was taken away; he states "[g]lacoma [sic] treatment continued throughout"; and he was seen by an eye care specialist (Doc. 1 at 8). Additionally, at the time of filing his complaint he admits he was scheduled for surgery (*id*.). These facts do not suggest that the response to Plaintiff's medical needs was so deficient as to constitute a wanton infliction of pain. Second, Plaintiff has failed to allege sufficient facts showing that Defendants acted with deliberate indifference to his medical needs. For example, his allegations that he was given one "improper" medication and that another medication was taken away suggest the dispute involves the accuracy or appropriateness of the medical judgments made, not that Defendants disregarded a known risk of serious harm to Plaintiff. Unless sufficient facts exist and are alleged in an amended complaint, Plaintiff's Eighth Amendment claim will be subject to dismissal.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state

exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.  Finally, Plaintiff is advised that he should not file copies of his amended complaint until ordered to do so by the court.

Accordingly, it is **ORDERED**:

1.  The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983.  This case number should be written on the form.

2.  Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Amended Complaint."  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.  Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 13th day of July 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**